UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STRIKE 3 HOLDINGS, LLC,**

**Plaintiff,**

**v.**                                                          **Case No: 6:23-cv-1229-RBD-EJK**

**JOHN DOE SUBSCRIBER
ASSIGNED IP ADDRESS
35.141.8.6,**

**Defendant.**

## ORDER

This cause comes before the Court without oral argument on *pro se* Defendant John Doe's Objection to Quash Plaintiff's Subpoena to Produce Documents Served on Charter Communications, Inc./Spectrum and John Doe subscriber IP address 35.141.8.6 (the "Motion") (Doc. 13), filed August 31, 2023, which the Court construes as a motion to quash. On September 13, 2023, Plaintiff responded in opposition. (Doc. 14.) Upon consideration, the Motion is due to be denied.

### I.    BACKGROUND

On June 30, 2023, Plaintiff Strike 3 Holdings, LLC ("Strike 3") initiated this copyright infringement lawsuit against an unnamed John Doe Defendant. (Doc. 1.) According to the Complaint, Strike 3 owns adult motion pictures that are distributed through certain websites and DVDs. (*Id.* ¶¶ 2–3.) Plaintiff alleges that Defendant illegally downloaded, copied, and distributed 49 copyrighted works in violation of the

Copyright Act, 17 U.S.C. §§ 101–1511. (*Id.* ¶¶ 4, 6.) Plaintiff further alleges that Defendant's Internet Service Provider ("ISP") can identify Defendant through his or her IP address. (*Id.* ¶ 5.)

On July 21, 2023, Plaintiff filed a motion for leave to serve a third-party subpoena prior to the Rule 26(f) conference on Spectrum (Doc. 9), which the undersigned granted in part (Doc. 10). In ruling on Plaintiff's motion, the Court found good cause for early discovery because Plaintiff has no other way to discover the putative infringer's identity to proceed with this litigation. (*Id.* at 2.) Defendant then filed the instant Motion, seeking to quash the subpoena Plaintiff issued to Spectrum. (Doc. 13.)

## II.    STANDARD

Under Rule 45, the court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, No. 8:14-cv-657-T-35AEP, 2014 WL 12621599, at *2 (M.D. Fla. Sept. 15, 2014), *report and recommendation adopted*, 2014 WL 12625762 (M.D. Fla. Oct. 9, 2014).

## III.   DISCUSSION

Defendant contends that the subpoena served upon Spectrum should be quashed.[1] (Doc. 13.) Defendant makes several arguments to that end: (1) the subpoena was not properly served; (2) the subpoena does not identify the attorney issuing the subpoena; (3) the subpoena seeks information which creates a risk of identifying a non-infringing party, amounting to an undue burden; (4) the subpoena seeks information that will force Spectrum to disclose a trade secret; (5) Plaintiff could obtain the information through means other than the subpoena; (6) Defendant is not the creator of the alleged infringing files; and (7) Plaintiff participated in the distribution of the allegedly infringing files. (*Id.* at 2–3.) Only two of these arguments can arguably be considered as falling within the enumerated reasons a court may quash a subpoena under Rule 45(d)—whether the subpoena requires disclosure of privileged or other protected matter, and whether the subpoena subjects a person to undue burden.

First, Defendant is not the recipient of the subpoena.[2] Thus, he only has standing to challenge the subpoena if a "personal right or privilege" is at issue. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted). Here, the court granted Strike 3 leave to serve Spectrum with a

---

[1] To the extent that Defendant argues the subpoena was directed to him, Defendant misunderstands the nature of the subpoena. The Court allowed Plaintiff to serve the subpoena on Spectrum, and the Court only required Spectrum to notify Defendant that it had been issued a subpoena seeking Defendant's identifying information. (Doc. 10 at 3.)

[2] Spectrum has not appeared to request that the subpoena be modified or quashed.

narrowly tailored subpoena to facilitate the disclosure of subscriber information—specifically, Defendant's name, address, telephone number, and email address. (*See* Doc. 10 at 3.)

An individual has no protected privacy interest in this information when there are allegations of copyright infringement. *See, e.g.*, *Platinum Props. Inv'r Network, Inc. v. Does 1-2*, No. 8-61907-CIV-GAYLES/SELTZER, 2018 WL 7825045, at *3 (S.D. Fla. Nov. 19, 2018) ("[C]ourts . . . make clear that an internet subscriber has no protected privacy interest in his or her identifying information when same is sought for the purposes of maintaining a[n] [intellectual property] infringement action.") (internal quotation marks omitted); *see also Malibu Media, LLC v. Doe*, No. 8:14-cv-2351, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015) (finding that the privacy interest asserted by the alleged downloader was not a sufficient basis to quash a subpoena seeking the alleged copyright infringer's name, address, phone number, and e-mail address) (citation omitted). Here, because the requested information is limited to identifying Defendant, the Court finds Defendant does not have a protectable privacy interest sufficient to quash the subpoena.

Defendant's alternative argument that he is somehow burdened by the subpoena is unpersuasive. The "undue burden" contemplated by Rule 45 is the burden borne by the third-party to whom the subpoena is directed—in this case, Spectrum, not Defendant. *See Liberty Media Holdings v. Does, 1-62*, No. 11–cv–575–MMA (NLS), 2012 WL 628309, at *2 (S.D. Cal. Feb. 24, 2012) (holding that in evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the

party subject to the subpoena by the discovery request") (internal quotation marks omitted). Defendant is not under an obligation to produce any documents or information to Plaintiff stemming from the subpoena.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that Defendant John Doe's Objection to Quash Plaintiff's Subpoena to Produce Documents Served on Charter Communications, Inc./Spectrum and John Doe subscriber IP address 35.141.8.6 (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 18, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE